UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

JOSHUA DAVID SAMS,   Case No. 8:08-bk-04180-CPM

           Debtor.
_____/

**UNITED STATES TRUSTEE'S AMENDED MOTION TO DISMISS
CHAPTER 11 CASE PURSUANT TO 11 U.S.C. §§ 1112, 109(h), and 521(b)**

    Comes now, Donald F. Walton, the United States Trustee for Region 21, by and through his undersigned counsel, and moves for the entry of an Order dismissing the above-styled Chapter 11 case pursuant to 11 U.S.C. §§ 1112, 109(h), and 521(b) for the following reasons:

    1. On March 28, 2008, the debtor filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code, without a certificate from a consumer credit counseling service evidencing the receipt of credit counseling within the 180 day period preceding the date of filing of the petition. To date, the debtor has not requested a waiver based on exigent circumstances from the statutory requirement to obtain budget and credit counseling prior to filing, which requirement is imposed by the Bankruptcy Abuse and Consumer Protection Act of 2005 ("BAPCPA"). Nor has the debtors submitted a certification describing any such exigent circumstances.

    2. Section 109(h)(1) of the Bankruptcy Code imposes the credit counseling requirement as a condition for eligibility to be a debtor. It provides that "an individual may not be a debtor under this title unless such individual has, during the 180-day period *preceding* the date of filing of the petition . . . received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a

related budget analysis." 11 U.S.C. § 109(h)(1) (emphasis added). Section 521(b)(1) and (2) requires that an individual debtor file with the Court a certificate of credit counseling and debt repayment plan, if any. 11 U.S.C. § 521(b)(1) & (b)(2).

    3. Section 109(h)(3)(A) creates a temporary "exigent circumstances exemption." If the debtor is unable to meet the pre-filing credit counseling requirement within the 180 days prior to filing, the debtor may submit to the court a certification that meets three statutory criteria. In the certification, the debtor must:

    (a)    describe exigent circumstances that merit a waiver;

    (b)    state that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services during the five-day period beginning on the date on which the debtor made that request; and

    (c)    is satisfactory to the Court.[1]

11 U.S.C. § 109(h)(3)(A). However, the debtor in the captioned case did not file an exigent-circumstances certification with the Court that satisfies the statutory requirements. *See In*

---

1

    The provision reads as follows:

    (3) (A) Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that--
        (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
        (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
        (iii) is satisfactory to the court.

11 U.S.C. § 109(h)(3).

*re Hazel T. Cressie*, Case No. 8:05-bk-29862-KRM (Bankr. M.D. Fla. Jan. 4, 2006) (May, J.) (outlining the requirements that temporarily excuse an individual from pre-petition credit counseling); *In re Crystal Davenport*, 335 B.R. 218 (Bankr. M.D. Fla. 2005) (May, J.) (dismissing case where the individual failed to obtain pre-petition credit counseling and did not meet the requirements for a temporary waiver).

4. Under section 109(h)(4), the Court, after notice and a hearing, may determine that the requirement of section 109(h)(1) does not apply to a debtor "because of incapacity, disability, or active military duty in a military combat zone . . . ." 11 U.S.C. § 109(h)(4). However, once again, the debtor has not filed a motion requesting a section 109(h)(4) determination in this case.

5. Absent exigent circumstances under section 109(h)(3) or a waiver under section 109(h)(4), credit counseling after the filing of the bankruptcy petition does not satisfy the requirement of section 109(h)(1). *In re Childs, et al.*, ___ B.R. ___, 2005 W.L. 3529729 (Bankr. D.Md. Dec. 19, 2005); *In re Warden*, 2005 W.L. 3207630 (Bankr. W.D.Mo. Nov. 22, 2005).

6. As a consequence of the debtor's failure to obtain pre-petition credit counseling as required by section 109(h), and to file a certificate from the approved credit counseling agency pursuant to section 521(b), the debtor is not eligible to be a debtor under Title 11.

7. The debtor has not filed the Schedules or Statement of Financial Affairs, the Statement of Current Monthly Income, a List of Creditors, or a Case Management Summary, all of which are the subject of a Notice of Incomplete and/or Deficient Filing and Opportunity to Cure Deficiencies, dated March 31, 2008, and are required to be filed with the Court on or before April 14, 2008.

8. The debtor did not appear for the scheduled initial debtor interview on April 10, 2007. He emailed a note just prior to the meeting indicating his desire for "withdrawal" of the petition, in anticipation of refiling at a later date.

WHEREFORE, the United States Trustee moves this Court, pursuant to 11 U.S.C. §§ 1112, 109(h) and 521(b) to dismiss this Chapter 11 case and grant such other and further relief that the Court may deem appropriate.

Respectfully submitted,

FELICIA S. TURNER
United States Trustee, Region 21

By:/s/ Theresa M. Boatner
Theresa M Boatner
Trial Attorney
FBN: 0449644
Office of U.S. Trustee
501 East Polk St., Suite 1200
Tampa, FL 33602
(813) 228-2000
Terry.M.Boatner@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the UNITED STATES TRUSTEE'S AMENDED MOTION TO DISMISS CHAPTER 11 CASE PURSUANT TO 11 U.S.C. §§ 1112, 109(h) and 521(b) has been furnished electronically or by United States Mail this 10th day of April, 2008, to the following:

Joshua David Sams
271 Sanctuary Dr.
Crystal Beach, FL 34681

/s/Theresa M. Boatner
Theresa M. Boatner